## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MATTHEW CHRISTOPHER CAUPP, | : | Case No. 3:24-cv-9 |
| Petitioner, | : | |
| vs. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Kimberly A. Jolson |
| CAPTAIN PARIN, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus.  This case has been referred to the Undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05.

Matthew Christopher Caupp ("Petitioner"), a pretrial detainee confined at the Montgomery County Jail at the time his Petition was filed on January 9, 2024 (the "Petition"), appearing without counsel, seeks release from confinement and $100,000,000.00 in damages.  (Doc. 1 at PageID 7). Petitioner failed to either pay the $5.00 filing fee as required by 28 U.S.C. § 1914(a) or file a motion to proceed *in forma pauperis* in conjunction with his Petition.  As a result, on January 25, 2024, this Court issued a deficiency order (the "Order"), where Petitioner was **ORDERED** to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty days.  (Doc. 2).  Petitioner was notified that "failure to comply with this Order will result in the dismissal of this action for want of prosecution."  (*Id.*).  To date, Petitioner has failed to pay the filing fee, file a motion to proceed *in forma pauperis*, or otherwise participate in the case in violation of this Court's Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")).

Petitioner was warned that his case would be dismissed if he did not comply with the Court's Order, but he did not comply. (Doc. 2). Petitioner has taken no action in the case in the almost three months since the case was filed.

It is therefore recommended that the Petition be **DISMISSED without prejudice**, for failure to prosecute and failure to comply with court orders. *See Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petitioner's habeas corpus matter for want of prosecution, where a "deficiency order clearly stated the documentation that must be submitted in order to apply to proceed in forma pauperis" and "expressly warned [petitioner] that failure to comply with the order would result in the dismissal of his case for want of prosecution").

It is further **RECOMMENDED** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to comply with the Court's Deficiency Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) ("The

law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

**IT IS SO RECOMMENDED.**

Date: April 10, 2024    */s/ Kimberly A. Jolson*
Kimberly A. Jolson
UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed regarding whether a certificate of appealability should issue.